Priority ___
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

FILED
CLERK, U S DISTRICT COURT
DEC 27 2005
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| WAVESTREAM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CAP WIRELESS, INC.,<br><br>Defendant. | No. CV 05-4254-SJO (PLAx)<br><br>**MEMORANDUM AND ORDER RE:<br>STIPULATED PROTECTIVE ORDER** |

The Court has received and considered the proposed Stipulated Protective Order ("Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the followings reasons:

First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful fashion (for example, "blueprints," "customer lists," or "market surveys," etc.). It is not sufficient to use only the conclusory terms "confidential, proprietary, or private information." (See page 2, at ¶ 1.) Further, in proposing or agreeing to the protection of "trade secrets," the definition for that term in California Civil Code § 3426.1 should be incorporated into the protective order, either by reference or by quotation.

/

DOCKETED ON CM
DEC 28 2005
BY ___ 026

17

1  Second, in the event of a dispute regarding the designation of confidential information, the
2  procedure for obtaining a decision from the Court is that set forth in Local Rule 37. (See page 7,
3  at ¶ 6.3). If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the
4  parties may file a stipulation to that effect or the moving party may file an ex parte application
5  making the appropriate request. The parties must set forth good cause in the stipulation or ex
6  parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

7  Finally, the Court may only enter a protective order upon a showing of good cause. Phillips
8  v. G.M. Corp., 307 F.3d 1206, 1209 (9th Cir. 2002) (Rule 26(c) requires a showing of "good
9  cause" for a protective order); Makar-Wellbon v. Sony Electronics, Inc., 187 F.R.D. 576, 577
10 (E.D.Wis. 1999) (even stipulated protective orders require good cause showing). The parties'
11 stipulation fails to include any statements to demonstrate good cause for issuing the protective
12 order. In any revised stipulated protective order submitted to the Court, the parties must include
13 a statement demonstrating good cause for entry of a protective order pertaining to the documents
14 or information described in the order. The paragraph containing the statement of good cause
15 should be preceded by a heading stating: "GOOD CAUSE STATEMENT."

DATED: December 27, 2005

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE